IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DERONTAY GLENNZELL GOOLSBY,** | : |
| Plaintiff, | : |
| v. | : N0. 5:17-cv-00256-MTT-CHW |
| **RODENY HILL** *et al.*, | : |
| Defendants. | : |

## ORDER

This case is currently before the Court for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). Plaintiff Derontay Lennzell Goolsby, an inmate confined at Macon State Prison, filed the above-captioned proceeding seeking relief under 42 U.S.C. § 1983 and requested to proceed without the prepayment of filing fees. For the following reasons, Plaintiff's complaint is hereby **DISMISSED without prejudice**.

I. **Preliminary Review of Plaintiff's Complaint**

A. **Standard for Preliminary Review**

Under the PLRA, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required, under 28 U.S.C. § 1915(e), when the plaintiff is proceeding IFP. Both statutes apply in this case, and the

1

standard of review is the same. When conducting a preliminary review, the district court must accept all factual allegations in the complaint as true and make all inferences in the plaintiff's favor. *See Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and a *pro se* compliant is thus "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). The district court, however, cannot allow a plaintiff to litigate frivolous, conclusory, or speculative claims. As part of the preliminary screening, the court shall dismiss a complaint, or any part thereof, prior to service, if it is apparent that the plaintiff's claims are frivolous or if his allegations fail to state a claim upon which relief may be granted – i.e., that the plaintiff is not entitled to relief based on the facts alleged. *See* § 1915A(b); § 1915(e).

To state a viable claim, the complaint must include "enough factual matter" to – not only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" – but to also create "a reasonable expectation" that discovery will reveal evidence to prove the claim(s). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The claims cannot be speculative or based solely on beliefs or suspicions; each must be supported by allegations of relevant and discoverable fact. *Id*. Thus, neither legal conclusions nor a recitation of legally relevant terms, standing alone, is sufficient to survive preliminary review. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("labels and conclusions" or "a formulaic recitation of the elements" of a cause of action is not enough). Claims without an arguable basis in law or fact will be dismissed as frivolous. *See Neitzke*

2

*v. Williams*, 490 U.S. 319, 325 (1989); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (claims frivolous if "clearly baseless" or "legal theories are indisputably meritless").

### B. Plaintiff's Claims

The present action arises out of a slip and fall Plaintiff suffered on July 9, 2015, at Macon State Prison. According to Plaintiff, Defendant Hill, a guard at Macon State Prison, transferred Plaintiff and other inmates back to their dorm contrary to prison policy which requires two guards to be present during transfers. ECF No. 1 at 6. Plaintiff states that Defendant Hill was in a hurry and refused to wait for Officer Henderson to assist with the transfer. *Id*. On the way to his cell, Plaintiff noticed that the floors were wet and informed Defendant Hill "to walk slow and hold [Plaintiff's] arm so that [Plaintiff would not fall]." *Id*. at 7. Attempting to hurry Plaintiff along, Defendant Hill pushed or shoved Plaintiff, and Plaintiff slipped on the water and fell to the ground with Defendant Hill falling on top of Plaintiff. *Id*. at 7.

When they fell to the ground, Plaintiff immediately experienced "excruciating pain" in his right shoulder. *Id*. Plaintiff could not stand up and Defendant Hill attempted to assist Plaintiff to his feet. Defendant hill lifted on Plaintiff's right arm, which caused Plaintiff even more pain as the arm was injured when Plaintiff fell. *Id*. Defendant Henderson then radioed for medical assistance, and Plaintiff was examined by medical personnel. Plaintiff was initially prescribed Ibuprofen and scheduled for x-ray imaging. Imaging revealed neither a break nor a dislocation. Plaintiff then underwent MRI imaging which showed a "large loose body within the shoulder joint" without a definitive donor site

3

and mild degenerative changes were identified. ECF No. 1-1 at 7. It appears that Plaintiff initially underwent unsuccessful arthroscopic surgery to remove the loose body. *Id*. at 9. He was then transferred to Atlanta Medical Center where the lose body was removed and thought to be "either created or unable to be removed" by a previous surgical procedure. *Id*. at 11.

Based on the foregoing facts, Plaintiff seeks to bring an Eighth Amendment excessive force claim against Defendant Hill and Eighth Amendment conditions of confinement claims against Defendants Hill, Henderson, and Sales. Plaintiff raised the same claims against the same Defendants and others in a previous lawsuit, which was dismissed for failure to state a claim. *Goolsby v. Georgia DOC*, 5:16-cv-330-CAR-CHW (M.D. Ga. 2016). Upon initial review of the instant complaint, the United States Magistrate Judge determined that the complaint suffers from the same deficiencies as the original. In accordance with Eleventh Circuit precedent, the Magistrate Judge invited Plaintiff to amend his complaint prior to dismissal for failure to state a claim as it appears that Plaintiff will be barred by Georgia's 2-year state of limitations from filing a complaint in the future. *See* ECF No. 5. The fourteen-day deadline for Plaintiff file an amended complaint has now passed without response. As discussed below, the instant action is **dismissed without prejudice**.

    i.    *Excessive Force*

The Eighth Amendment governs the treatment of prisoners as well as the conditions under which they are confined. It prohibits only the unnecessary and wanton

4

infliction of pain amounting to cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The prohibition, among other things, "places restraints on prison officials, who may not, for example, use excessive physical force against prisoners." *Id.* at 833 (citing *Hudson v. McMillian*, 503 U.S. 1 (1992)). Whether the use of force violates an inmates Eighth Amendment rights "ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320–21, (1986) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973)).

In this case, Plaintiff asserts that Defendant Hill violated his Eighth Amendment rights when Defendant Hill pushed Plaintiff on a floor covered in water. Taking Plaintiff's allegations as true, Defendant Hill was aware of the water on the floor, Plaintiff had previously asked Defendant Hill to help Plaintiff cross the water, and Defendant Hill pushed Plaintiff. When Defendant Hill pushed Plaintiff, Plaintiff slipped in the water and Defendant Hill fell on top of Plaintiff, injuring Plaintiff's arm. While it is unfortunate that Plaintiff was injured, Plaintiff does not allege—and his allegations do not suggest—that Defendant Hill applied force to Plaintiff in a malicious and sadistic way for the purpose of causing harm. Instead, Plaintiff alleges that Defendant Hill pushed Plaintiff in an attempt to hurry Plaintiff back to his cell. But it is well established that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Graham v. Connor*, 490 U.S. 386, 398 (1989) (quoting *Johnson*, 481 F.2d at 1033); *see also McCall v. Crosthwait*, 336 F. App'x 871 (11th Cir.

5

2009) (finding no eighth amendment violation where detainee was pushed out of elevator into plexiglass window but suffered only bruising). This is true even if the push or shove results in significant injuries. *See Cockrell v. Sparks*, 510 F.3d 1307, 1312 (11th Cir. 2007) (push that resulted in inmate falling and breaking hip not excessive as it was not the result of force applied maliciously and sadistically).

In order to state an excessive force claim, Plaintiff must allege that Defendant Hill had a "sufficiently culpable state of mind." *Hudson*, 503 U.S. at 7*; see also Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) ("Excessive-force claims . . . require a showing of a heightened mental state—that the defendants applied force maliciously and sadistically for the very purpose of causing harm.") (internal quotations omitted). Plaintiff's allegations when taken as true and construed in the light most favorable to Plaintiff do not indicate that Defendant Hill acted maliciously or in a wanton disregard for Plaintiff's safety. A wet floor is not a sufficiently dangerous condition to transform a mere push for the purpose of moving Plaintiff into an Eighth Amendment violation, and Plaintiff has failed to state an excessive force claim.

Plaintiff also seeks to hold Defendant Hill liable for failing to wait for Defendant Henderson, failing to help Plaintiff cross the water, and for violating prison policy. "Only '[a] prison official's deliberate indifference to a known, substantial risk of serious harm to an inmate violates the Eighth Amendment.'" *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014) (en banc) (citing *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1028 (11th Cir.2001)). Slippery floor conditions caused by standing water do not create a substantial

risk of serious harm, and there is no indication that Defendant Hill had a subjective awareness that Plaintiff faced a risk of serious harm when he hurried him back to his cell without waiting for assistance. To the extent that he violated policy by not waiting for Defendant Henderson or otherwise, it is well established that violation of a prison's internal policy, by itself, does not raise constitutional concerns. *See Gooden v. Mormon*, 524 F. App'x 593, 596 (11th Cir. 2013). Plaintiff's allegations suggest, at most, that Defendant Hill was negligent or careless.

    *ii.    Conditions of Confinement*

Plaintiff also brings an Eighth Amendment conditions of confinement claim against Defendants Hill, Henderson, and Sales based on their failure to clean the water or otherwise take corrective actions regarding the slippery floor. Standing water is a potentially hazardous condition, but "slippery floors constitute a daily risk faced by member of the public at large" and do not violate the Eighth Amendment. *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir.1993) ("slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment"); *Beasley v. Anderson*, 67 F. App'x 242, 242 (5th Cir. 2003) ("[Plaintiff's] claim regarding a slip and fall sounds in negligence, which is insufficient to allege a constitutional violation.") Thus, even when Defendants are aware that water has accumulated on the floor and fail to remedy the situation after being asked to, their actions amount to no more than negligence. *See Reynolds*, 370 F.3d 1028; *Lefall v. Johnson*, 48 F. App'x 104 (5th Cir. 2002) (failure to remedy known plumbing leak no more than

7

negligence); *Snyder v. Blankenship,* 473 F.Supp. 1208, 1209, 1212–13 (W.D. Va. 1979) (dismissing Eighth Amendment slip and fall claim based on slippery kitchen floor even when past serious injuries had occurred), aff'd, 618 F.2d 104 (4th Cir.1980).

Plaintiff's allegations do not plausibly indicate that the slippery floor posed a substantial risk of serious harm to Plaintiff or that Defendants were deliberately indifferent to that risk. Even if Defendants were aware of the water on the floor, their conduct amounts to no more than mere negligence. Plaintiff has thus failed to state an Eighth Amendment conditions of confinement claim against Defendants Hill, Henderson, and Sales, as their failure to mop the floor, put out a wet floor sign, or otherwise remedy the slippery floor situation does not constitute an Eighth Amendment violation. At most, it amounts to mere negligence.

## II. CONCLUSION

Pursuant to the above, Plaintiff's complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**SO ORDERED**, this 29th day of November, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT